CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 08 2016

JULIA C. DUDLEY, CLERK
BY: /s/
     DEPUTY CLERK



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JUSTIN SETH WOODBY,<br>    Petitioner, | Civil Action No. 7:15-cv-00256 |
| v. | **MEMORANDUM OPINION** |
| VIRGINIA DEPARTMENT OF<br>CORRECTIONS, et al.,<br>    Respondents. | By:  Hon. Michael F. Urbanski<br>       United States District Judge |

Justin Seth Woodby, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the Virginia Department of Corrections' ("VDOC") calculation of his sentence. Petitioner argues that his current term of incarceration should be reduced by the amount of time he participated in a court-ordered rehabilitative program while on probation. Respondents filed a motion to dismiss, and Petitioner responded, making the matter ripe for disposition. After reviewing the record, the court grants Respondents' motion to dismiss because Petitioner fails to state a claim for federal habeas relief.

On June 6, 2008, the Bristol City Circuit Court convicted Woodby of breaking and entering, grand larceny, and eluding. The circuit court sentenced Woodby to 18 years' incarceration, suspended that sentence, and imposed three years' probation. On November 7, 2011, the circuit court determined Woodby violated probation, revoked 18 months of the 18 year sentence, and suspended the new 18 month sentence subject to Woodby's completion of the circuit court's "Veritas Program."

The Veritas Program ("Program") is a "drug court" program run by the Bristol City Circuit Court for certain probationers.

> In 2004, the General Assembly enacted the Drug Treatment Court Act, Code § 18.2-254.1, to enhance effective treatment programs for reducing drug use and its impact on families and drug-related crimes. As part of this program, the General Assembly designated "drug treatment courts" as "specialized court dockets within the existing structure of Virginia's court system offering

> judicial monitoring of intensive treatment and strict supervision of addicts in drug and drug-related cases." Code § 18.2-254.1(D). The legislation provided that drug treatment court programs could be created by localities under the administrative implementation oversight of this Court, pursuant to standards created by a state drug treatment court advisory committee. Code § 18.2-254.1(E), (F). A local jurisdiction creating this program must also have an advisory committee that sets policies and procedures for the operation of the program. Code § 18.2-254.1(G), (H), (I). Potential participants are screened according to eligibility criteria established by the local program. No defendant is entitled to participate in the program and it is not available to every defendant. Code § 18.2-254.1(M). The Drug Treatment Court Act does not mandate specific procedures for the operation of the drug treatment court program.

Harris v. Commonwealth, 279 Va. 541, 544, 689 S.E.2d 713, 715 (2010). Woodby explains that some of the requirements of the Program include: making a phone call every day by 7:00 a.m., returning calls from Program staff within three minutes, meeting with Program staff three days a week, participating in daily drug testing, having unannounced visits by a probation officer, and being home by 8:00 p.m.

On June 18, 2013, the circuit court determined that Woodby failed to comply with conditions of the Program, revoked his probation, and sentenced him to twenty-two months' incarceration. The circuit court did not order that Woodby receive credit for the time he participated in the Program while on probation, and the circuit court and the Supreme Court of Virginia denied Woodby's numerous requests to receive credit for that time.

In the federal petition, Woodby argues that he is entitled to have the time spent in the Program while on probation credited toward his sentence. Woodby cites to Virginia Code § 53.1-187, titled, "Credit for time spent in confinement while awaiting trial," in support. Virginia Code § 53.1-187 permits the VDOC to deduct "all time actually spent by the person . . . in a state or local correctional facility awaiting trial or pending an appeal " from "a term of

2

confinement in a correctional facility." However, Virginia Code § 53.1-187 prohibits deducting any time "not actually spent in confinement or in detention."[1]

Respondents' motion to dismiss must be granted because the time Woodby spent in the Program while on probation was not "actual" confinement or detention. Woodby lived at a private residence, was free from actual incarceration, and enjoyed a conditional liberty interest while participating in the Program.

Woodby cites to Charles v. Commonwealth, 270 Va. 14, 613 S.E.2d 432 (2005), to argue that the Program constituted incarceration for which he should be given credit toward his sentence. In Charles, the Supreme Court of Virginia determined that a probationer's participation in the "Detention Center Incarceration Program," as defined by Virginia Code § 19.2-316.2, constituted "incarceration" such that it extended the period of incarceration beyond that imposed in a sentencing order. Charles, 270 Va. at 17, 613 S.E.2d at 433. The petitioner in Charles was forced to live in a detention center with "military-like" supervision of residents. Va. Code § 53.1-67.8. Unlike the "actual" incarceration in Charles, Woodby was free to live at a private residence under less stringent supervision during his participation in the Program.

Accordingly, Woodby fails to state a claim that he is in custody in violation of the Constitution or laws or treaties of the United States, and the petition is dismissed. Based upon the court's finding that Woodby has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This 8th day of February, 2016.

/s/ Michael F. Urbanski
United States District Judge

---

[1] Woodby is not entitled to federal habeas relief to the extent he claims that he is incarcerated in violation of state law, but Woodby's claim concerning credit for time served does implicate the due process clause of the Fourteenth Amendment. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Durkin v. Davis, 538 F.2d 1037, 1039-40 (4th Cir. 1976).

3